WAUKESHA STATE BANK, Plaintiff-Respondent,

v.

VILLAGE OF WALES, Defendant-Appellant.

Court of Appeals

*No. 93–2594. Oral argument August 31, 1994.—Decided October 19, 1994.*

(Also reported in 525 N.W.2d 110.)

On behalf of the defendant-appellant, there were briefs and oral argument by *James W. Hammes* of *Cramer, Multhauf & Hammes* of Waukesha.

On behalf of the plaintiff-respondent, there was a brief and oral argument by *Steven W. Martin* of *Hinshaw & Culbertson* of Brookfield.

On behalf of Wisconsin Bankers Association, an *amicus curiae* brief was filed by *John E. Knight* and *James E. Bartzen* of *Boardman, Suhr, Curry & Field* of Madison.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. The Village of Wales appeals from a declaratory summary judgment in favor of the Waukesha State Bank. The judgment invalidated a lien in favor of the Village against certain real property purchased by the bank at a sheriff's sale in a foreclosure action. The lien was authorized by a village ordinance providing that a forfeiture judgment based on a zoning violation constitutes a lien against the defendant's property retroactive to the date of violation.

The principal issue on appeal is whether the lien is recognized by § 62.23(7)(f)1, STATS., which sets out a village's enforcement and remedy powers for a zoning violation.[1] We affirm the trial court's summary judgment ruling that the statute does not permit the retroactive lien authorized by the village ordinance.

---

[1] Section 62.23, STATS., which controls city planning, also applies to villages. Section 61.35, STATS.

## FACTS

The facts in this case are undisputed. Richard Properties, Inc. originally owned the property. The bank held a mortgage against the property. From May 1, 1990 to December 11, 1990, Richard Properties occupied and used the property in violation of certain village zoning restrictions. Based on this continuing violation, the Village initiated a forfeiture action against Richard Properties in October 1990. The Village did not file a lis pendens in conjunction with this action.

On April 24, 1991, the bank commenced a foreclosure action against Richard Properties.[2] Because the Village had not filed a lis pendens, the bank's title search did not reveal the pendency of the Village's forfeiture action against Richard Properties. Consequently, the Village was not named as a defendant in the bank's foreclosure action. In due course, the foreclosure action proceeded to sheriff's sale at which the bank purchased the property. The bank's judgment was entered on November 18, 1991.

Thereafter, in April 1992, Richard Properties stipulated to the entry of a forfeiture judgment of $5009 in the forfeiture action. The judgment was entered in May 1992, and it included the following language: "[This] judgment shall constitute a lien upon the property described in the Order until such judgment is satisfied." The village clerk then wrote to the bank advising of the judgment and stating, "[the judgment] constitutes a lien on the property and will be placed on next year's tax roll."

---

[2] The bank filed a lis pendens in conjunction with this action.

In July 1992, the bank brought a motion in the forfeiture action to have the forfeiture judgment amended to delete the language conferring a lien on the property. In August 1992, the motion was granted and the judgment was amended to read: "that the plaintiff, Village of Wales, have a judgment against the defendant, Richard Properties, Inc., in the amount of [$5009] including taxable costs."

When the bank later sought to sell the property to a third party, the bank's title insurer informed the bank that the Village's forfeiture judgment still appeared as a $5009 "special assessment" pursuant to § 25.04(5) of the Wales Municipal Code. In order to complete the sale to the third-party purchaser after the Village refused to remove the special assessment, the bank paid the $5009 special assessment to the Village. The bank then filed this declaratory action asserting that the village ordinance was invalid pursuant to § 62.23(7)(f)1, STATS., and seeking to have the special assessment declared invalid. The circuit court agreed with the bank. The Village appeals.[3]

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, we apply the same statutory standard that the trial court applies. *Dieck v. Unified Sch. Dist. of Antigo,* 165 Wis. 2d 458, 463-64 n.1, 477 N.W.2d 613, 615 (1991). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Section

---

[3] We have received an amicus curiae brief from the Wisconsin Bankers Association. Our invitation to the League of Wisconsin Municipalities to also file an amicus brief was declined.

802.08(2), STATS. Whether § 62.23(7)(f)1, STATS., confers upon the Village the right to impose liens to enforce its ordinances presents a question of law appropriate for summary judgment. *See Brandt v. LIRC,* 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991), *aff'd,* 166 Wis. 2d 623, 480 N.W.2d 494 (1992).

## SECTION 62.23(7)(f)1, STATS.

The Village contends that because § 62.23(7)(f)1, STATS., authorizes it to provide for the enforcement of its zoning ordinances, the Village may elect to impose liens as a method of ensuring compliance. Section 62.23(7)(f)1 provides:

> The council may provide by ordinance for the enforcement of this section and of any ordinance or regulation made thereunder. In case of a violation of this section or of such ordinance or regulation such council may provide for the punishment by fine and by imprisonment for failure to pay such fine. It is also empowered to provide civil penalties for such violation.

Relying on this statute, the Village contends that its ordinance is valid. The ordinance reads:[4]

> Whenever any person is determined by a court of competent jurisdiction to have violated any provision of the building and/or zoning code of the Village of Wales, for which a forfeiture has been assessed by the court, the amount of the forfeiture shall constitute a lien upon the property until such time as the assessment, including the cost of prosecution, have been paid as ordered by the court. *Such lien shall be deemed a lien of record as of the date of the viola-*

---

[4] A copy of the ordinance itself is not part of the appellate record. We rely on the parties' briefs for its text.

381

*tion(s).* Any such assessment which is not paid at the time of assessment is levied by the court shall be deemed an assessment against the property and shall be collected in the same manner as real estate taxes levied against the subject property. [Emphasis added.]

In the circuit court, the bank contended that the Village's "special assessment lien" pursuant to the ordinance exceeded the Village's authority under the statute. The trial court agreed, concluding that the legislature did not intend "to confer upon municipalities the blanket right to-impose retroactive first liens upon property with no requirement for constructive or actual notice as a means of enforcing their zoning ordinances."

■

The interpretation of a statute and its application to a set of undisputed facts is a matter of law which we review independently. *See Chang ·v. State Farm Mut. Auto. Ins. Co.,* 182 Wis. 2d 549, 560, 514 N.W.2d 399, 403 (1994); *Town of Sheboygan v. City of Sheboygan,* 150 Wis. 2d 210, 212, 441 N.W.2d 752, 753 (Ct. App. 1989). Although we are not bound by the trial court's ruling on a question of law, we nonetheless value a trial court's decision on such a question. *See Scheunemann v. City of West Bend,* 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993).

■

A statute is interpreted to give effect to the intent of the legislature as evidenced by the statute's plain meaning. *Kerkvliet v. Kerkvliet,* 166 Wis. 2d 930, 939, 480 N.W.2d 823, 826 (Ct. App. 1992). We read statutes in context; the entire section of a statute and related sections are to be considered in its interpretation. *Brandt,* 160 Wis. 2d at 362, 466 N.W.2d at 676.

Section 62.23(7)(f)1, STATS., authorizes a village to enforce its zoning ordinances. It also specifies the remedies which the village may employ in that regard. These remedies are: (1) "punishment by fine and by imprisonment for failure to pay such fine" and (2) "civil penalties for such violation." *Id.* The Village contends that this language accommodates the lien authorized by the ordinance. We think it self-evident that a lien is neither a fine nor imprisonment for failure to pay a fine. We do not understand the Village to argue otherwise. Thus, we turn to whether a lien constitutes a "civil penalty" within the meaning of the statute.

We have held that the plain meaning of the word "penalty" refers to "punishment for [a] crime or [an] offense." *State v. Block Iron & Supply Co.*, 183 Wis. 2d 357, 366, 515 N.W.2d 332, 335 (Ct. App. 1994). A lien is the right to attach a charge to property until a debt is paid. *See Boorman v. Wisconsin Rotary Engine Co.*, 36 Wis. 207, 211-12 (1874). A lien presupposes a debt. *State v. Berndt*, 161 Wis. 2d 116, 125, 467 N.W.2d 205, 208 (Ct. App. 1991). A fine or forfeiture judgment is a form of debt.

Here, the debt presupposed by the Village's lien is the monetary penalty represented by the forfeiture judgment. Thus, the lien is the charge against the property until the penalty is paid. While the lien is an enforcement or collection tool available to the Village, it is not, in and of itself, a penalty.[5]

---

[5] This is not to say that "civil penalties" within the meaning of § 62.23(7)(f)1, STATS., are limited to fines. The concept may well embrace nonmonetary penalties such as a raze order or an injunction. However, such nonmonetary penalties stand on

This does not leave the Village without the ability to obtain a lien as a result of the forfeiture judgment. Section 806.15(1), STATS., provides that "[e]very judgment properly docketed . . . shall . . . be a lien on the real property . . . of every person against whom it is rendered." The lien recognized by this statute, however, is limited to any real estate owned by the judgment debtor at the time the judgment is docketed. It does not apply against property which the judgment debtor does not then own.

The Village argues that unless it is allowed to impose liens as a method of enforcing its ordinances, property owners can avoid complying with the zoning code by "simply transferring title to the property from one shell corporation or entity to another with impunity." We have three responses.

First, the Village overlooks that the purpose of a lien is to collect the underlying debt, not to compel compliance with a zoning ordinance.[6] Second, it may be that the law of fraudulent conveyances addresses some of the Village's concern. Third, an analogous argument could be made as to all judgment debtors who own real estate. Absent a fraudulent conveyance situation, the law does not recognize retroactive liens against property previously, but no longer, owned by a judgment debtor.

The Village also relies on the introductory language to § 62.23(7)(f)1, STATS., permitting it to "provide by ordinance for the enforcement of this section and of any ordinance or regulation made thereunder." The Village argues that we should read this language

their own and are not dependent on any other underlying penalty. As we have demonstrated, such is not the case with a lien.

[6] We do not deny that a lien might work such a coercive effect. However, this does not alter the legal purpose of a lien.

broadly, noting that it carries "no limitation with respect to the grant of authority [in § 62.23(7)(f)1], except that restriction which applies to all zoning ordinances, [that] the zoning ordinance must be reasonable."

We disagree with the Village's argument. We must read the statutory language in context; the entire section of a statute and related sections are to be considered. *Brandt*, 160 Wis. 2d at 362, 466 N.W.2d at 676. The language cited by the Village is an introductory statement empowering a village to enact ordinances to enforce its zoning ordinances. This language, however, does not purport to detail what those powers are. That matter is addressed in the very next two sentences of the statute, authorizing a village to provide punishment by way of fine, imprisonment in lieu of payment of a fine and other civil penalties. *See* § 62.23(7)(f)1, STATS. And, as we have already demonstrated, a lien is not embraced by these terms.

The Village also contends that the lien is valid as a special assessment under § 66.60, STATS. However, the lien here was the product of a forfeiture judgment for a zoning violation. It was not the product of "special benefits conferred upon such property by any municipal work or improvement" within the meaning of § 66.60(1)(a). Nor was it a "special charge[ ] for current services rendered" within the meaning of § 66.60(16)(a).

■■■■

We conclude that § 62.23(7)(f)1, STATS., does not permit a local zoning enforcement ordinance to impose a lien retroactive to the date of the zoning violation. As such, the lien acquired by the Village in this case was of no legal effect. We affirm the trial court's ruling invalidating the lien.

## LIS PENDENS

Even if we were to allow that the lien imposed by the village ordinance survived the provisions of § 62.23(7)(f)1, STATS., it nonetheless was of no legal effect as against the bank's title because the Village did not file a lis pendens in conjunction with its forfeiture action against Richard Properties.

Section 840.10, STATS., reads in part:

> **(1)** In an action where relief is demanded affecting described real property which . . . might confirm or change interests in the real property . . . the plaintiff shall file . . . a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby.

The purpose of a lis pendens is to give constructive notice to third parties of pending judicial proceedings involving real estate. *Kensington Dev. Corp. v. Israel,* 142 Wis. 2d 894, 904, 419 N.W.2d 241, 245 (1988). Section 840.10, STATS., requires a lis pendens to be filed in any action involving real property as a means to put third parties on constructive notice of pending litigation. *See Kensington,* 142 Wis. 2d at 904, 419 N.W.2d at 245.

The Village contends that the imposition of the lien for the violation of the ordinance by Richard Properties is not relief which would "confirm or change interests in the real property" within the meaning of the statute. We disagree. The ordinance, *on its face*, creates a retroactive lien by operation of law. As such, the lien clearly constitutes a cloud on the title to the property.

■■ The Village also contends that the bank was obligated to search the records of the clerk of court or the village clerk when it commenced the foreclosure action. If it had done so, the Village reasons that the bank would have learned of the then pending forfeiture action. We disagree that the bank was obligated to go these extra steps. The lis pendens statute is the legally recognized mechanism by which notice of pending actions affecting real estate is provided. *See* § 840.10, STATS. The Village's further requirements would undo this well-accepted tradition.

The Village also argues that the purpose of the lis pendens statute was satisfied in this case because the then owner, Richard Properties, had actual notice of the forfeiture action. As such, the Village argues that its failure to give notice to the bank, then a mortgage holder, was of no consequence.

■■ We disagree. The purposes of the lis pendens statute are, inter alia, to assure prospective purchasers and encumbrancers of property that they are not "buying a lawsuit" and to assure the finality of judgments. *Belleville State Bank v. Steele,* 117 Wis. 2d 563, 574-75, 345 N.W.2d 405, 411 (1984). The Village's interpretations would undo both of these statutory objectives. This case is a classic example of such mischief at work on both fronts. Because the Village did not file a lis pendens, the bank's foreclosure judgment was not final as to the Village, and the bank unwittingly purchased this lawsuit.

We affirm the trial court's declaratory ruling and judgment.

*By the Court.*—Judgment affirmed.