INTERLAKEN SERVICE CORPORATION, a Wisconsin corporation, Plaintiff-Respondent,

v.

INTERLAKEN CONDOMINIUM ASSOCIATION, INC., a non-stock dissolved Wisconsin corporation, Interlaken Condominium Association, an unincorporated condominium association, and Interlaken Condominium Association, Inc., a Wisconsin corporation, Defendants-Appellants.†

Court of Appeals

*No. 97–1107. Submitted on briefs August 14, 1998.—Decided October 7, 1998.*

(Also reported in 588 N.W.2d 262.)

†Petition to review denied.

300

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Steven R. Wassel* and *Steven C. Harvey* of *Wassel Law Offices* of Delavan.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *John L. Maier* and *Joanne M. McCormack* of *Hinshaw & Culbertson* of Lake Geneva.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J. The issue in this case is whether § 703.25, STATS., permits a lis pendens to be filed when a judgment against a condominium association will result in a lien against property owned by the association and against each condominium unit. Interlaken Condominium Association, Inc. (Association) brought a counterclaim for slander of title pursuant to § 706.13, STATS., against Interlaken Service Corporation (Service Corporation) after the Service Corporation had filed a lis pendens in conjunction with its suit for breach of contract against the Association. On appeal, the Association challenges the trial court's ruling that the Service Corporation's filing of the lis pendens was permitted pursuant to § 703.25(3) and therefore was not a sham, false or frivolous pursuant to

§ 840.10(1), STATS., 1995–96.[1] Based on that determination, the trial court dismissed the Association's slander of title counterclaim for failure to state a claim.[2]

Because any judgment against a condominium association results in a lien against each condominium unit pursuant to § 703.25(3), STATS., we uphold the trial court's ruling and affirm the order dismissing the Association's slander of title claim.

## FACTS

The facts underlying the issue on appeal are straightforward and undisputed. This case arises from a breach of contract action filed by the Service Corporation against the Association. The Service Corporation's complaint alleged that the Association had failed to pay for services provided by the Service Corporation under a written agreement. Later, the Service Corpo-

---

[1] Pursuant to 1997 Wis. Act 304, effective July 3, 1998, § 840.10(1), STATS., 1995–96, has been amended and renumbered as § 840.10(1)(a). This change does not affect our decision in this case. All references to § 840.10(1) are to the 1995–96 statute.

[2] The trial court's order dismissing the Association's slander of title action was nonfinal because the Association had other claims still pending against the Service Corporation. We granted the Association's petition for leave to appeal this nonfinal order on May 13, 1997. While this matter was pending, the remaining claims were adjudicated against the Association in the trial court. The Association has also appealed in that case. By separate decision released this same day, we have affirmed the trial court's dismissal of the Association's remaining claims and the court's further grant of summary judgment to the Service Corporation. *See Interlaken Serv. Corp. v. Interlaken Condominium Ass'n, Inc.*, No. 97–2811, unpublished slip op. (Wis. Ct. App. Oct. 7, 1998).

ration filed an amended complaint adding a request for a proportional lien against each condominium unit pursuant to § 703.25(3), STATS. Following the filing of its amended complaint, the Service Corporation filed a lis pendens which recited, in part, "Pursuant to § 703.25(3), Wis. Stats., any judgment recovered against [the Association] will be a judgment against each condominium unit in a proportional share."

In response, the Association filed an amended answer and, in addition to other claims, also filed a counterclaim for slander of title pursuant to § 706.13, STATS. The counterclaim was based on the Service Corporation's filing of the lis pendens. The Service Corporation moved to dismiss the Association's counterclaim for failure to state a claim. Following a hearing on the motion, the trial court dismissed the slander of title counterclaim. The court ruled that the Service Corporation was both "privileged and required" to file the lis pendens. The Association filed a petition for leave to appeal this nonfinal order and we previously granted the Association's petition.

## DISCUSSION

### Mootness

As a threshold issue, we address the Service Corporation's argument that the issue is moot. While this case was pending before this court, the remaining issues in the underlying breach of contract were adjudicated. The trial court dismissed the Association's remaining claims and granted summary judgment to the Service Corporation, including its request for a lien. Based on this ruling, the Service Corporation reasons that its filing of the lis pendens was not a sham, false or frivolous within the meaning of § 840.10(1),

STATS., and therefore the slander of title issue is moot. However, the Service Corporation fails to recognize that, although it had prevailed in the trial court, the issue was still alive and kicking because the Association had appealed the trial court's ruling. Because the prospect of a reversal on appeal was present, the issue was not then moot.

However, we have now affirmed the trial court's grant of a lien to the Service Corporation matter in the companion appeal.[3] From this, it follows that the Service Corporation's filing of the lis pendens was not a sham, false or frivolous pursuant to § 840.10(1), STATS. Therefore, absent further appeal by the Association, the slander of title issue is now moot. *See DeLaMatter v. DeLaMatter*, 151 Wis. 2d 576, 591, 445 N.W.2d 676, 683 (Ct. App. 1989) (an issue is moot when its resolution has no practical effect on the existing controversy).

██

Generally, this court will not review issues which are moot. However, this court has discretion to address issues of public importance which are likely to arise again. *See State v. Trent N.*, 212 Wis. 2d 728, 735, 569 N.W.2d 719, 723 (Ct. App. 1997). In light of the steady increase in condominium complexes and associations, the issue is likely to recur. Moreover, the issue is one of first impression and concerns significant property interests of not only condominium owners, but also those who purchase such property while a lawsuit is pending against a condominium association. We therefore choose to address the issue on the merits.

---

[3] *See supra* note 2.

The Association contends that the trial court erroneously dismissed its slander of title claim for failure to state a claim for relief. Whether a complaint states a cause of action is a question of law which we review de novo. *See Hermann v. Town of Delafield*, 208 Wis. 2d 216, 220, 560 N.W.2d 280, 282 (Ct. App. 1996), *aff'd*, 215 Wis. 2d 369, 572 N.W.2d 855 (1998).

> In determining whether a complaint should be dismissed for failure to state a cause of action upon which relief may be granted, the facts pled are taken as admitted. The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. . . . Since pleadings are to be liberally construed, a claim will be dismissed only if it is "quite clear that under no conditions can the plaintiff recover."

*Id.* at 220–21, 560 N.W.2d at 281–82 (citations omitted; quoted source omitted). Whether the Association's slander of title claim was actionable turns upon the construction of §§ 703.25(3) and 840.10(1), STATS. This too presents a question of law which we review de novo. *See State v. Sostre*, 198 Wis. 2d 409, 414, 542 N.W.2d 774, 776 (1996). Despite our de novo standard of review, we value a trial court's decision on such matters. *See Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993).

The Association contends that the Service Corporation improperly filed a lis pendens following the filing of its complaint. The purpose of a lis pendens is to give constructive notice to third parties of pending judicial proceedings involving real estate. *See Waukesha*

*State Bank v. Village of Wales*, 188 Wis. 2d 374, 386, 525 N.W.2d 110, 116 (Ct. App. 1994). The general statute governing the filing of a lis pendens is § 840.10(1), STATS., which provides that a lis pendens "shall" be filed "[i]n an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property." A person who files a lis pendens "knowing the contents or any part of the contents to be false, sham or frivolous" is subject to the penalties set forth in § 706.13(1), STATS., for slander of title. The Association bases its claim on this statute.

The Association contends that the Service Corporation was not entitled to file a lis pendens pursuant to § 840.10(1), STATS., because the relief demanded in this case—a money judgment—does not affect "described real property" or "confirm or change interests in the real property." The Association is mistaken.

As a basis for its filing of a lis pendens, the Service Corporation relied upon § 703.25(3), STATS. That subsection provides:

> *A judgment for money against an association shall be a lien against any property owned by the association, and against each of the condominium units* in proportion to the liability of each unit owner for common expenses as established under the declaration in an amount not exceeding the market value of the unit, but not against any other property of any unit owner.

*Id.* (emphasis added). Pursuant to this statute, any money judgment obtained by the Service Corporation would result in a lien against each of the condominium units. Thus, the Service Corporation's request for relief created a situation in which the title of the condominium units might be clouded by the resulting lien if the

306

Service Corporation should prevail. Therefore, the Service Corporation's filing of the lis pendens pursuant to § 840.10, STATS., was appropriate.

The Association contends that the lis pendens was not necessary in this case because it had stated in its pleadings that the Association had "sufficient funds to satisfy any judgment against [it] related to this case." Therefore, the Association argues that any judgment obtained by the Service Corporation would not confirm or change interests in the real property such that notice to third parties of the judicial proceedings would be warranted.

The Association argues that "the interest of any innocent third party purchaser would be protected by . . . the admission of sufficient funds in [the Association's] pleadings" and that "[i]t would be mere speculation to claim that a lis pendens must be filed because [the Association] might not possess sufficient funds in the future." Regardless, we know of no law which holds that the mere assertion that a party has enough money to pay a judgment renders the filing of a lis pendens a slander of title. Moreover, there is nothing indicating that the money was earmarked, by escrow agreement or otherwise, for the satisfaction of the judgment.

Nor do we find any law which requires a party to conduct an inquiry into the financial status of the prospective lienee prior to filing a lis pendens. Rather, the test under § 840.10(1), STATS., is only whether the relief demanded "*might* confirm or change interests in the real property." (Emphasis added.) Based on the facts of this case, that test is satisfied.

On a related theme, the Association contends that pursuant to § 703.15(3), STATS., it may raise revenues to satisfy a judgment and that "the collective unit

owners of any condominium association would logically under any circumstances vote to pay any association liability from association funds rather than risk having a lien on their individual unit." However, this statute merely addresses an association's options in satisfying a judgment. It does not speak to a claimant's right to file a lis pendens prior to the judgment being entered or satisfied. As discussed above, whether the Association has the money to pay the judgment travels to whether and when a lien will be lifted following judgment, not to whether a lis pendens was properly filed in the first instance. We therefore reject the Association's argument.

Next, the Association contends that § 703.25(3), STATS., is a procedural statute and does not give rise to a substantive right to file a lis pendens. That argument is correct as far as it goes, but it does not go far enough because it does not factor § 840.10(1), STATS., in the equation. We properly read the two statutes in pari materia and give effect to each. *See Schinner v. Schinner*, 143 Wis. 2d 81, 91, 420 N.W.2d 381, 385 (Ct. App. 1988). These two statutes operate "hand in glove." While § 703.25(3) does not confer the right to file a lis pendens, it expressly confers the right to a lien against the condominium units. On the other hand, while § 840.10(1) does not confer the right to a lien, it expressly confers the conditional right to file a lis pendens in order to preserve the right to a lien. Here, the Service Corporation properly invoked the rights and procedures of both statutes.

Finally, the Association contends that the trial court's interpretation of §§ 703.25 and 840.10, STATS., countenances the filing of a lis pendens in all conventional tort or breach of contract cases. We disagree.

In a conventional civil suit, any judgment obtained by the plaintiff will result in a "lien on all real property of every person against whom the judgment is entered which is in the county where the judgment is rendered . . . and which the person has at the time of the entry or which the person acquires thereafter within the 10-year period." Section 806.15(1), STATS. Therefore, in a conventional civil suit, the lien follows the judgment debtor and operates against any real estate owned by such debtor *at the time the judgment is entered*.

Section 703.25(3), STATS., contemplates a very different situation unique to condominiums. In an action under this statute, the association—*not the individual condominium owners*—is the defendant. Nonetheless, the lien granted by the statute operates against the property of the condominium owners *even though those persons were not defendants in the action.*, In short, the lien operates against each condominium unit *regardless of ownership*. Therefore, unlike the conventional civil judgment, the lien follows the real estate, not the owner.

This analysis demonstrates why a lis pendens is essential if a claimant is to preserve the right to the lien granted by § 703.25(3), STATS. More importantly, this analysis demonstrates why a lis pendens is critical to protect a prospective condominium purchaser. Without such notice, an innocent purchaser unwittingly buys clear title at the time of sale, only to have the title clouded at a later date. Section 840.10(1), STATS., puts the purchaser on notice of such peril, and the Service Corporation properly utilized the statute in this case.

## CONCLUSION

We conclude that § 703.25(3), STATS., permitted the Service Corporation to file a lis pendens pursuant

to § 840.10(1), STATS. Therefore, the filing of the lis pendens was not a slander of title, and the trial court properly dismissed the Association's counterclaim for failure to state a claim.

*By the Court.*—Order affirmed.