CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent, vs. ARNOLD and another, Appellants.

*April 24—May 13, 1902.*

*Tax titles: Limitation of actions: Exempt property.*

Under sec. 1189, Stats. 1898, and even in the absence of such a statute, no limitation in favor of a tax deed or a tax certificate, except in case of actual possession founded on a tax deed, is applicable where the land sold for taxes was exempt from taxation.

APPEAL from an order of the circuit court for Winnebago county: GEORGE W. BURNELL, Circuit Judge. *Affirmed.*

*Carl D. Jackson,* for the appellants, contended, *inter alia,* that the case comes directly within the express terms of sec. 1210*h,* Stats. 1898. There is no distinction in this state between objections going to the groundwork and objections going to the jurisdiction. *Dean v. Madison,* 9 Wis. 405; *Eldred v. Leahy,* 31 Wis. 554; *Pound v. Chippewa Co.* 43 Wis. 66; *Massing v. Ames,* 37 Wis. 651; *Wells v. Western P. Co.* 96 Wis. 122; *Marsh v. Clark Co.* 42 Wis. 509; *Philleo v. Hiles,* 42 Wis. 529; *Ruggles v. Fond du Lac Co.* 63 Wis. 211; *Urquhart v. Westcott,* 65 Wis. 140; *Prentice v. Ashland Co.* 56 Wis. 346; *McDonald v. Daniels,* 58 Wis. 430; *Green Bay & M. C. Co. v. Outagamie Co.* 76 Wis. 592; *Brown v. Oneida Co.* 103 Wis. 159; *Pratt v. Milwaukee,* 93 Wis. 658; *Levy v. Wilcox,* 96 Wis. 128. If the assessors

acted without jurisdiction in levying the tax in question, an action would lie against them for damages at the instance of this plaintiff. Cooley, Taxation, 553; *Weaver v. Devendorf,* 3 Denio, 118. It has, however, been held that the assessors in determining exemptions act judicially and with jurisdiction. *Vail v. Owen,* 19 Barb. 22; *Brown v. Smith,* 24 Barb. 420; *Barhyte v. Shepherd,* 35 N. Y. 238; *Chegaray v. Jenkins,* 5 N. Y. 380. If sec. 1189 is general in its application, covering all limitations, then the special provision of sec. 1210*h,* in conflict therewith, must control. If sec. 1189 applies to the case at bar, the two sections conflict, and sec. 1210*h,* being the later provision, must prevail. In any event there is a distinction between the words "liable to taxation," and the words "exempt from taxation." Property not liable to taxation is property not subject to taxation at all, such as public property. In addition to this the legislature may exempt certain property. Railroad property is liable to taxation either by direct taxation or by the method now in vogue, and the latter may be changed to direct taxation at any time. Sec. 1189, therefore, is not applicable. See *Barhyte v. Shepherd,* 35 N. Y. 251; *Coney v. Owen,* 6 Watts, 436.

For the respondent there was a brief by *Edward M. Hyzer,* attorney, and *Thompsons, Hollister & Pinkerton,* of counsel, and oral argument by *A. E. Thompson.*

WINSLOW, J. This is an action to set aside certain tax sales of real estate, and to bar the holder of the tax-sale certificates from any right or interest in said real estate. The complaint was demurred to on the ground that the cause of action was barred by the provisions of sec. 1210*h,* Stats. 1898, because the complaint showed that the action was not commenced within one year from the date of the tax sale. The complaint did show this fact, but it also showed that the lands in question were at the time of the levy of the tax,

and ever since have been, used by the plaintiff for railroad purposes, and hence were exempt from general taxation. Whether this allegation that the lands were exempt from taxation when the supposed tax was levied removes the case from the one-year limitation prescribed by sec. 1210*h* aforesaid is the only question in the case. This question must be answered in the affirmative by virtue of the plain terms of sec. 1189, Stats. 1898, which is contained in the same chapter as sec. 1210*h,* and which provides, among other things, that, except in cases of actual possession founded on a tax deed, no limitation in favor of a tax deed or a tax certificate shall apply where the taxes were paid prior to the sale, or where the land was redeemed from the sale as provided by law, "or where the land was not liable to taxation." In the absence of the statute, the result would be the same. The land being exempt from taxation, there was a want of authority *ab initio* to set the machinery of taxation in motion, or, in other words, there was no jurisdiction on the part of the taxing officers. Where such is the case, this court has held that there is nothing for a statute of limitation to act upon. *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465.

*By the Court.*—Order affirmed.