WISCONSIN REAL ESTATE COMPANY, Appellant, vs. CITY OF
MILWAUKEE and another, Respondents.

*October 31—November 19, 1912.*

*Appealable orders: Provisional remedy: Taxation: Construction of
statutes: When "tax" includes special assessment: Payment of
tax as condition precedent to action to set aside: Constitutional
law: Municipal corporations.*

1. This court acquires no jurisdiction to consider the merits of an
   order appealed from unless it was appealable; hence the ques-
   tion of appealability is always involved in a consideration of
   the merits.
2. In an action to restrain the collection of a special assessment, an
   order requiring the plaintiff to pay to the city treasurer the
   amount of the assessment as a condition of maintaining the ac-
   tion is appealable under subd. 3, sec. 3069, Stats. (1898), as an
   order granting a provisional remedy.
3. Whether or not the word "tax" in a statute includes a special as-
   sessment must generally be gathered from the context of the
   . particular statute and the intent of the legislature as ascer-
   tained from the general scope of the act and the related acts of
   which it is designed to become a part.
4. There is no occasion to. distinguish between general taxes and
   special assessments in a statute relating to tax proceedings
   after they have reached the stage of a tax sale, since both are
   included in the same sale, certificate, and deed.
5. Sec. 1210h—1, Stats. (Laws of 1909, ch. 295),—providing that in
   an action to set aside any sale of lands for the nonpayment of
   taxes, cancel any tax certificate or tax deed, or set aside any
   tax for any error or defect going to the validity of the assess-
   ment and affecting the groundwork of the tax, the plaintiff shall
   pay the amount of the disputed taxes to the proper officer as a
   condition of maintaining the action,—is general in its nature
   and applies to contested special assessments as well as to gen-
   eral taxes.
6. The subhead of the statute under which said sec. 1210h—1 is
   found contains various provisions expressly relating to and men-
   tioning special assessments, so that its title, "General taxes;
   Reassessment when assessment void," is not a safe or satis-
   factory criterion as to the sense in which the word "tax" is
   used in that section.
7. Said sec. 1210h—1 relates to cases where, but for the errors or
   defects going to the validity of the assessment and affecting the
   groundwork of the tax, a valid tax or assessment could be laid,
   and not to cases where there is an absolute want of power.

8. Thus construed, it does not violate sec. 1 of art. XIV or art. V of the amendments to the federal constitution, nor secs. 1, 9 of art. I of the state constitution.

9. Where the common council of defendant city had jurisdiction, by charter, over the subject of laying drains, and plaintiff's lands were within its taxing district, but it failed to proceed according to the charter in that it ordered drains to be laid before it passed a resolution for the paving of the streets and, as to one street, failed to give notice to lotowners to construct the drain, such errors were mere errors of procedure affecting the groundwork of the tax and brought the case within the statute, so that an order to pay the assessment as a condition of maintaining an action to restrain its collection was proper.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Plaintiff brought action to restrain the defendants from collecting a special assessment of $7,173.12 levied against plaintiff's property, consisting of a great many lots, for the construction of house drains, claiming that the assessment was void because of the following, among other, irregularities in the proceedings had therefor: (1) the drains were ordered laid before the streets were ordered to be paved or repaired, contrary to sec. 17 of ch. VIII of the city charter; (2) as to a portion of one street no notice was given the property owners to construct the drains, or to the contractors for the construction of the same, as provided for in said section; and (3) upon information and belief it is alleged that no gas mains, water mains, nor sewers had been laid on parts of the streets. By order of the court the plaintiff was required, pursuant to the provisions of sec. 1210h—1, Stats. (Laws of 1909, ch. 295), to deposit the amount of the tax as a condition of maintaining the action. That section provides:

"Whenever any action or special proceeding is hereafter commenced to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, or to set aside any tax, for any error or defect going to the validity of the assessment and

affecting the groundwork of such tax, within twenty days after the commencement of such action the plaintiff in such action or special proceeding shall pay or cause to be paid to the county, town, city, or village officer entitled to receive the same, the amount of taxes, interest, and charges levied against the said lands involved in such action, as a condition of maintaining said action."

Sec. 1210*h*—2 provides that if a reassessment is ordered the court shall, upon completion thereof, determine the amount which, according to the reassessment, the plaintiff ought justly to have paid upon the lands involved in the action or special proceeding. Sec. 1210*h*—3 provides the plaintiff shall be entitled to recover judgment for the amount, if any, he so paid in excess of the amount the court shall finally determine he ought to have paid on the land involved in the action, with interest from the date of such payment.

From the order requiring the deposit of the amount of the tax as a condition precedent to the maintenance of the action the plaintiff appealed.

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *W. F. Adams.* They contended that the statute does not apply to special assessments. 8 Words & Phrases, 6873, 6874; *Hale v. Kenosha,* 29 Wis. 599; *Yates v. Milwaukee,* 92 Wis. 352, 66 N. W. 248. It does not apply to cases where the proceedings are void *ab initio. Chicago & N. W. R. Co. v. Arnold,* 114 Wis. 434, 90 N. W. 434; *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465. If it does apply in such a situation it is unconstitutional. *Wakeley v. Nicholas,* 16 Wis. 588; *Knight v. Barnes,* 25 Wis. 352; *Philleo v. Hiles,* 42 Wis. 527; *Plumer v. Marathon Co.* 46 Wis. 163, 50 N. W. 416; *Tierney v. Union L. Co.* 47 Wis. 248, 2 N. W. 289; *Lombard v. Antioch College,* 60 Wis. 459, 470, 19 N. W. 367; *Hixon v. Oneida Co.* 82 Wis. 515, 531, 52 N. W. 445; *Lombard v. McMillan,* 95 Wis. 627, 632, 70 N. W. 673; *Wilson v. McKenna,* 52 Ill. 43; *Reed v. Tyler,* 56

Ill. 288; *Weller v. St. Paul*, 5 Minn. 95; *State ex rel. Davidson v. Gorman*, 40 Minn. 232, 41 N. W. 948; *Bennett v. Davis*, 90 Me. 102, 37 Atl. 864; *Gilman v. Tucker*, 128 N. Y. 190, 28 N. E. 1040; *Lassitter v. Lee*, 68 Ala. 287.

For the respondents there was a brief by *Daniel W. Hoan*, city attorney, and *Clifton Williams*, assistant city attorney, and oral argument by *Mr. Williams*. To the point that the statute applies to special assessments, they cited *Dalrymple v. Milwaukee*, 53 Wis. 178, 10 N. W. 141; *Pratt v. Milwaukee*, 93 Wis. 658, 68 N. W. 392; *Levy v. Wilcox*, 96 Wis. 127, 70 N. W. 1109; *Hamar v. Leihy*, 124 Wis. 265, 102 N. W. 568; *Sheboygan Co. v. Sheboygan*, 54 Wis. 415, 11 N. W. 598. On the question of constitutionality, they cited *Wakeley v. Nicholas*, 16 Wis. 588; *Smith v. Smith*, 19 Wis. 615; *Knight v. Barnes*, 25 Wis. 352; *Hart v. Smith*, 44 Wis. 213; *Lombard v. Antioch College*, 60 Wis. 459, 19 N. W. 367; *Lombard v. McMillan*, 95 Wis. 627, 70 N. W. 673; *Christianson v. Pioneer F. Co.* 101 Wis. 343, 77 N. W. 174; *Hixon v. Oneida Co.* 82 Wis. 515, 52 N. W. 445; *Sanderson v. Herman*, 108 Wis. 662, 84 N. W. 890; *Dahlman v. Milwaukee*, 130 Wis. 468, 110 N. W. 483; *Dahlman v. Milwaukee*, 131 Wis. 427, 110 N. W. 479; *Parkes v. Milwaukee*, 148 Wis. 84, 134 N. W. 152.

VINJE, J. Is the order appealable? Neither party has raised the question, but since this court acquires no jurisdiction to consider the merits unless it is appealable, the question of the appealability of an order is always involved in a consideration of its merits. *Hyde v. German Nat. Bank*, 96 Wis. 406, 71 N. W. 659; *In re Minn. & Wis. R. Co.* 103 Wis. 191, 78 N. W. 753; *Sioux L. Co. v. Ewing*, 148 Wis. 600, 135 N. W. 130. Confessedly it is not an order affecting a substantial right made in an action which in effect determines it and prevents a judgment from which an appeal might be taken; neither is it an order affecting a substantial right made

in special proceedings. It is made in an action and, in that respect at least, partakes of the nature of a provisional remedy. The effect of this order is to impound the money in dispute and hold it for the use of defendant if plaintiff fails in the action. To that extent it grants a provisional remedy to defendants in this class of actions not enjoyed by defendants in actions generally, and therefore must be held to be appealable under subd. 3 of sec. 3069, Stats. (1898), as an order granting a provisional remedy.

Plaintiff contends that the order was improperly made, for three reasons: (1) because ch. 295 of the Laws of 1909 has no application to special assessments; (2) because, even if it does apply to them, it does not affect the instant case, where the proceedings taken by the municipal authorities are void *ab initio;* and (3) that if it does apply it is unconstitutional. While it is true that, generally, there is a clear distinction between taxes and special assessments, and between statutes relating to taxes and statutes relating to special assessments, yet the word "tax" has often been held to be broad enough to include a special assessment. *Yates v. Milwaukee,* 92 Wis. 352, 66 N. W. 248; *Sheboygan Co. v. Sheboygan,* 54 Wis. 415, 11 N. W. 598; *Dalrymple v. Milwaukee,* 53 Wis. 178, 10 N. W. 141. Whether or not the word "tax" in a statute includes a special assessment must generally be gathered from the context of the particular statute, the intent of the legislature as ascertained from the general scope of the act, and of the related acts of which it is designed to become a part. *Marine Co. v. Milwaukee, post,* p. 239, 138 N. W. 640.

It is urged that since sec. 1210*h*—1 refers only to taxes, tax certificates, and tax deeds, and does not anywhere mention special assessments, they are not included within its provisions. It should be borne in mind, however, that when tax proceedings have reached the stage of a tax sale, tax certificate, or tax deed, there is no longer any need to discriminate between general taxes and special assessments. Both are in-

cluded in the sale, certificate, and deed.   Were it intended
to exclude either, express mention of such exclusion would be
made, otherwise the natural construction of the language is to
apply it to whatever may be included in the sale, certificate,
or deed, namely, to both special assessments and general
taxes.   In *Milwaukee* the tax sale is for both general and
special taxes, and both are included in the same certificate,
and the same deed is based on the sale of both.   See secs. 15,
19, 24, 24*a,* and 27 of ch. XVIII of the city charter.

Attention is also called to the fact that the subhead of the
statute under which sec. 1210*h*—1 falls is entitled "General
taxes; Reassessment when assessment void."   But under
such subhead, which begins with sec. 1210*b* and ends with
sec. 1210*j,* fall secs. 1210*d,* 1210*e,* 1210*f,* and 1210*h,* which
relate to or mention special assessments.   So the title of the
subhead furnishes no safe or satisfactory criterion for deter-
mining whether or not the word "tax" in sec. 1210*h*—1 in-
cludes or excludes special assessments.

The further argument is made that since sec. 1210*h,* Stats.
(1898), mentions both general taxes and special assessments,
sec. 1210*h*—1, which does not mention special assessments,
should be construed not to apply to them.   Sec. 1210*h*—1
was created by ch. 295 of the Laws of 1909.   The chapter
was entitled "An act to create sections 1210*h*—1, 1210*h*—2,
1210*h*—3, and 1210*h*—4 of the statutes, relating to actions
to set aside the sale of lands for taxes;" and sec. 1 thereof be-
gins, "There are added to the statutes four new sections to
read," etc.   The act seems to be general in its nature, and
in view of the fact that special assessments are included in the
amount for which lands are sold for taxes, and in the tax cer-
tificates and tax deeds issued pursuant to such sales, no good
reason is perceived why the section is to be construed to be
limited only to actions seeking to set aside general taxes.   In
*Dalrymple v. Milwaukee,* 53 Wis. 178, 10 N. W. 141, the
court construed sec. 7 of ch. 334 of the Laws of 1878 to apply

to special assessments as well as general taxes.    That chapter provided:

"Every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain or prevent the issuing of any tax deed or any tax certificate, or to set aside and cancel a tax deed, shall be commenced within nine months after the making of such sale, date of such certificate, or recording of such tax deed."

Such construction was based chiefly upon the ground that since special assessments go into the tax levy, and, in case of the nonpayment of the same and of the general taxes, the land charged is sold for the aggregate amount of the special assessments and general taxes, and but one certificate issued on such sale, it was not reasonable to suppose that the legislature would thus blend and intermingle the two levies or charges upon the land and provide different statutes of limitation as to each.    So here in the instant case it is not reasonable to suppose that, since lands are sold for nonpayment of general taxes as well as special assessments, and the same are mingled in the tax sale, the tax certificate, and tax deed, the legislature would require, as a condition precedent to the maintenance of an action relating to general taxes, a deposit, and not require one in the case of an action seeking to set aside a special assessment.    The new sections added must be held to be general in their nature and not to be limited by the language used in the previous section.    No doubt the legislative idea was that as an earnest of good faith and as a guaranty that plaintiff believed in the justice of his cause, he should be required to deposit the amount in controversy as a condition precedent to the maintenance of the action.    No reason, so far as we can perceive, exists why such a deposit should be required in the case of an attack upon general taxes any more than in the case of an attack upon special assessments.

Plaintiff contends that the assessment in the instant case was void *ab initio* because the city council acquired no juris-

diction to make it, and reliance is placed upon the cases of *Chicago & N. W. R. Co. v. Arnold,* 114 Wis. 434, 90 N. W. 434, and *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465, to sustain the contention. In the first case the lands were exempt from taxes, in the second case they lay outside of the taxing district. Hence the taxing officers did not have, and never could acquire, jurisdiction to tax the lands there in question. The tax was void not on account of any irregularity in the proceedings, such as a failure to perform a condition precedent or to give proper notice, but because of an absolute want of power to tax in any manner at any time. There is a wide distinction between a case where no tax can in any event be levied upon property because it is exempt or lies outside of the taxing district and a case where the property lies within the taxing district and is subject to taxation but the statutory or charter provisions have not been complied with in its levy. The former is void *ab initio* and can never be rendered valid. The latter is voidable, because of irregularities in the proceedings leading up to its levy. *Pratt v. Milwaukee,* 93 Wis. 658, 68 N. W. 392; *Schintgen v. La Crosse,* 117 Wis. 158, 94 N. W. 84; *Hamar v. Leihy,* 124 Wis. 265, 102 N. W. 568. In the instant case the council of *Milwaukee* had jurisdiction over the subject of laying drains. Ch. VIII of City Charter. The lands in question were within its taxing district. The council therefore had jurisdiction to impose the tax and of the lands sought to be taxed. It, however, did not proceed according to the provisions of the charter, in that it passed a resolution ordering drains to be laid before it passed a resolution ordering the streets to be paved, and in that, as to one street, it failed to give notice to the lotowners to construct the drains. These were errors in procedure that affected the groundwork of the tax. It will be noted that the law requiring a deposit to be made is limited to an action to set aside a tax for any *error or defect* going to the validity of the assessment or affecting the groundwork of such tax. This relates

to an error or defect in the proceedings which affects the groundwork of the tax, and it excludes a case where there is no jurisdiction to act, either because the council has no power to impose the tax or because the lands sought to be affected lie outside of the taxing district or are exempt.   In *Schintgen v. La Crosse,* 117 Wis. 158, 94 N. W. 84, it was held that sec. 1210*d,* Stats. (Supp. 1906: Laws of 1901, ch. 9), providing for a reassessment when the assessment was made "without authority of law," was to be construed to apply to an irregularity in the proceedings and not to an absolute want of power.   So the statute under consideration relates to a case where, but for the error or defect going to the validity of the assessment and affecting the groundwork of the tax, a valid tax could be assessed.   The subsequent sections, which provide for a refund of such portion of the tax as may be held to be void, sustain this view.   The case presented by the complaint is one in which the municipal authorities were empowered to impose a drain tax upon plaintiff's lots, but owing to irregularities in the proceedings they failed to follow the charter directions for so doing.   There was no absolute want of power to levy the tax.

Since sec. 1210*h*—1 is construed to apply only to cases where there is a defect or error in the tax proceedings and not to cases where there is an absolute want of power to tax, the contention that it violates sec. 1 of the XIVth amendment to the constitution of the United States, and art. V of the amendments to the constitution of the United States, and secs. 1 and 9 of art. I of the constitution of this state, falls. The question of the constitutionality of the section is ruled by the.decision in *Lombard v. McMillan,* 95 ,Wis. 627, 70 N. W. 673.

*By the Court.*—Order affirmed.