KENNAN, Appellant, vs. ASHLAND COUNTY and others, Respondents.

*February 18—March 11, 1913.*

*Constitutional law: Action to set aside taxes: Payment as condition precedent.*

Secs. 1210h—1 to 1210h—4, Stats., are valid. *Wis. R. E. Co. v. Milwaukee*, 151 Wis. 198, followed.

APPEAL from an order of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action to set aside taxes and assessments levied against plaintiff's real estate, described in the complaint, and to cancel tax certificates issued on the tax sale thereof because his real estate was assessed at much more than it was worth and much more than real estate of equal value owned by others in the same vicinity, and because the assessor intentionally omitted to assess a large amount of personal property of the value of more than $100,000. Among other defenses the defendants pleaded that plaintiff had not complied with the provisions of sec. 1210*h*—1, Stats., by failing to pay within twenty days after the commencement of the action to the proper officer the amount of taxes, interest, and charges levied against said real estate involved in such action as a condition of maintaining it. Plaintiff demurred to the defendants' plea of the statute, and from an order overruling his demurrer he appealed.

*K. K. Kennan,* for the appellant.

For the respondent *Corry* the cause was submitted on the brief of *Sanborn, Lamoreux & Pray.*

VINJE, J. Since the alleged defects in the tax proceedings affect the groundwork of the tax, plaintiff's demurrer raises the question of the constitutionality of secs. 1210*h*—1 to 1210*h*—4, Stats. In the late case of *Wis. R. E. Co. v. Milwaukee,* 151 Wis. 198, 138 N. W. 642, their constitutionality was sustained, and that case rules this. The argument to the effect that if plaintiff pays the whole tax he redeems and has no remedy to recover the illegal excess overlooks the plain terms of secs. 1210*h*—3 and 1210*h*—4, which provide for a judgment in his favor for such excess and its payment forthwith by the treasurer of the municipality.

*By the Court.*—Order affirmed.