TRUSTEES OF CLINTON LODGE No. 152, KNIGHTS OF PYTHIAS OF WISCONSIN, Respondent, vs. ROCK COUNTY and others, Appellants.

*February 8—March 9, 1937.*

For the appellants there was a brief by *McGowan, Geffs & Persons* of Janesville and *John H. Matheson,* district attorney of Rock county, and oral argument by *Geo. S. Geffs.*

For the respondent there was a brief by *Roy C. Cromer* and *George Garrigan,* both of Beloit, and oral argument by *Mr. Cromer.*

ROSENBERRY, C. J.    The defendants contend that the plaintiff cannot maintain this action because it does not appear that within twenty days after its commencement the plaintiff paid, or caused to be paid, to the taxing officers the amount of taxes, interest, and charges as a condition of maintaining the action.

The plaintiff seeks to maintain the action upon the sole ground that the property in question was exempt from taxa-

tion. It has been held that under such circumstances the taxing officers were without jurisdiction, and compliance with the section was not required. *Chicago & N. W. R. Co. v. Arnold* (1902), 114 Wis. 434, 90 N. W. 434; *Wisconsin Real Estate Co. v. Milwaukee* (1912), 151 Wis. 198, 138 N. W. 642.

The defendants next contend that, more than a year having elapsed since the date of the sale, an action may not be maintained because sec. 75.61, Stats., requires every such action to be brought within one year from the date of the tax sale. However, that action applies only to cases to set aside tax certificates or tax deeds for error or defect going to the validity of the assessment and affecting the groundwork of such tax.

In *Wisconsin Real Estate Co. v. Milwaukee, supra,* a distinction between an action to set aside a tax sale on the ground that the lands were exempt from taxation and an action to set aside a tax sale where there has been a failure to comply with the statutory provisions relating to levy was drawn, and it was there held that in case of exemption the statute did not and could not apply. It is only in cases where the property is subject to taxation and the state is entitled to levy a tax thereon that the state will not permit litigants to come into court and contest the tax without first having paid it. If, however, the property is exempt and the state has no right or power to impose a tax in any event, the limitation contained in sec. 75.61, Stats., does not apply and payment of the tax in compliance with sec. 75.62 is not required.

Was the property assessed in this case exempt? Exemption is claimed under the provisions of sec. 70.11 (4), Stats., which so far as applicable is as follows:

"The property in this section described is exempt from taxation, to wit: (4) Personal property owned by . . .

fraternal societies, orders or associations operating under the lodge system, . . . which is used exclusively for the purposes of such association, and the real property necessary for the location and convenience of the buildings of such institution or association and embracing the same, not exceeding ten acres; provided, such real or personal property is not leased or otherwise used for pecuniary profit. . . . The occasional leasing of such building to similar organizations for literary, educational or benevolent purposes where all income derived therefrom is used for upkeep or maintenance, or the leasing of such parsonages, shall not render them liable to taxation."

Under this statute it was held that any use of the property other than for benevolent or charitable purposes or any substantial part of it made the property subject to taxation. *Green Bay Lodge No. 259 B. P. O. E. v. Green Bay* (1904), 122 Wis. 452, 100 N. W. 837; *M. E. Church Baraca Club v. Madison* (1918), 167 Wis. 207, 167 N. W. 258. See also *Cardinal Publishing Co. v. Madison* (1931), 205 Wis. 344, 237 N. W. 265.

The section was amended, however, in 1931 by ch. 302, Laws of 1931, which created sub. (4a). That subsection provides:

"Where personal property and real property necessary for the location and convenience of buildings and embracing the same, not exceeding ten acres, owned by scientific societies, or fraternal societies, orders or associations, operating under the lodge system, . . . is used in part for exempt purposes and in part for pecuniary profit, then the same shall be assessed for taxation at such percentage of the full market value of said real and personal property as shall fairly measure and represent the extent of such use for pecuniary profit. In determining the amount of such assessment, the term 'pecuniary profit' as used in this subsection is hereby defined as the use of any portion of said premises or facilities by nonmembers, for which use compensation is received, or its use by members for purposes outside of the objects of such or-

ganization, and the space so used, the period of such use, and all other factors tending to measure the extent thereof, shall be considered in fixing the amount of such assessment. . . ."

The provisions of sub. (4a) have not heretofore been considered by this court. The facts with respect to the use were stipulated. From this stipulation it appears that the plaintiff obtained title to the real estate in 1923 and reconstructed a building that was then upon the premises. The reconstructed building is composed of two stories and a basement. The basement contains the heating plant, which heats the entire building. The upper story is fitted and furnished for a lodge room. The first floor was fitted, furnished, and was suitable for mercantile purposes for which it was rented until January 1, 1931. The last business conducted there was a grocery business. The lower floor has been at all times, and is now, suitable for a retail store, and would be rented as such if a tenant could be found who would pay sufficient rental. Shortly after January 1, 1931, plaintiff decided upon a minimum rental of $50 per month. Inasmuch as the building was so constructed that it could be heated only as a unit, that represented the lowest rental at which it could be leased profitably. The walls of the first floor have remained suitable for the use of a retail store, the shelving not having been removed. Since January 1, 1931, the first floor has been used for recreational purposes by the members of the lodge and their guests. A baseball dart game, beanbag game, also indoor horseshoe game were installed. The premises have been used solely for those purposes, and no pecuniary profit has been derived from the first floor from any source since January 1, 1931.

Under the statute two things operate to defeat the exemption: (1) The use of any part of the building by nonmembers for which compensation is received; (2) its use by members for purposes outside of the object of such organization.

Under the stipulation no pecuniary profit has been received. The sole question remaining for determination is whether or not the use of the first floor for recreational purposes is "outside of the objects" of the plaintiff organization.

It is to be noted that under the provisions of sec. 70.11 (4a) the use is not limited to religious, scientific, literary, or benevolent purposes. So long as the use is confined to members, the property does not lose its status as exempt property unless it is used for some purpose "outside of the objects of such organization." Certainly recreation is one of the objects of all fraternal associations. The use therefor of the lower floor by members of the lodge did not destroy the exemption. The trial court properly so held.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J. (*dissenting*). The plaintiff claims that real property owned by it is exempt from taxation because not leased or otherwise used for pecuniary profit, sec. 70.11 (4), Stats., and that it is not within sec. 70.11 (4a), Stats. The facts, however, show that the portion of the holdings of the lodge on which taxes have been levied was not held by the lodge for any use peculiar to the organization as such. This particular part of its property was intended by the lodge to be equipped and used for business purposes. The facts stipulated between the parties set forth that the store property was rented for mercantile purposes from the time of its construction in 1923 until the last tenant vacated in 1931, and further that—

"said lower floor during said time was and now is suited for a retail store, and said lodge would rent same to a desirable tenant if sufficient rent could be obtained."

Like all other words, "use" is to be interpreted with some reasonable regard for the connection it has with other words in the statute. Where the property is designed by the owner

to be used by it for the purpose of producing an income out of its rental, the simple fact that it remains unrented for a period of time does not destroy its character as commercial property. It seems to me that the rules of construction which are to be applied in cases where exemptions of property from taxation are claimed leave no alternative to holding that this particular property is not exempt.