Richard L. HERMANN, Phillip Mattison, James M. Schoemperlen, Juan C. Beltran, Cary Berkowitz, Robert Berman, Clifford Blackwell, Joanne T. Bontkowski, Suzanne Brandner, George M. Briody, Barton F. Cameron, Dan U. Cameron, Douglas H. Cameron, Marion K. Cameron, Palmer W. Cameron, James G. Campbell, Edmund J. Cepulis, Mildred E. Chupich, George Cibon, Donald Clark, Ted Compall, Robert E. Cowhey, Dan Cox, Robert J. Darnall, Robert W. Davies, David J. Doerge, Stuart Ellison, Joseph Fehsenfeld, Theodore W. Filson, Ralph C. Glans, David Glickman, Gregory K. Goethal, Carlos A. Gonzalez, Howard C. Grant, Mike Grover, Steve R. Hall, Karen A. Hamm, John M. Hanson, Robert H. Harper, Erwin R. Herz, Donald C. Holst, Charles Ifergan, Allan Inbinder, Melvin F. Jager, Robert Kelman, Jim King, Raymond W. Kline, Jr., John T. Lauer, Terrence J. Lauer, Rhonda L. Levin, Mary Ellen Loofbourrow, Gerald R. Lynch, Richard L. Macgregor, Ethel A. Marett, Don W. Matheny, D. Chet Mckee, John J. Mckenna, John Mengel, Marion J. Mitchell, Vincent Micuch, William Mueller, William G. Myers, Larry Nendze, David A. Novak, Richard A. Nunemaker, Lucille M. Papendorf, Jon H. Rasmussen, Harold Rider, M.B. Rude, Trudy Schwartz, David Semmel, Michael J. Sherman, William G. Shold, Myron Shure, James P. Soper, III, Barry M. Stagl, Donald Stephens, Allan J. Sternstein, Steven M. Stone, John F. Stoner, Donald J. Svachula, Steven Szczepanski, Magdalena O. Valle, William L. Weiss, Frances Whiteford, Helen M. Wydra, Susie Zeiser,

Paul Balter and Reid S. Barker, Plaintiffs-Appellants-Petitioners,

v.

TOWN OF DELAVAN, and Town of Delavan Board of Review, Defendants-Respondents.

Supreme Court

*No. 96–0171. Oral argument November 5, 1997.—Decided January 23, 1998.*

(Also reported in 572 N.W.2d 855.)

For the plaintiffs-appellants-petitioners there were briefs by *Robert L. Gordon, Alan Marcuvitz* and *Weiss, Berzowski, Brady & Donahue*, Milwaukee and oral argument by *Robert L. Gordon*.

For the defendants-respondents there was a brief by *Steven R. Wassel* and *Wassel Law Offices*, Delavan and oral argument by *Steven R. Wassel*.

Amicus curiae brief was filed by *Richard J. Stadelman,* Shawano and *Claire Silverman,* Madison for the Wisconsin Towns Association and the League of Wisconsin Municipalities.

¶ 1.   DONALD W. STEINMETZ, J.   There is one issue presented for review: must a complaint alleging a violation of the Uniformity Clause of the Wisconsin Constitution be dismissed for failure to state a claim upon which relief can be granted, where the complaint challenges the tax assessment valuation of certain real property, but fails to allege plaintiffs' prior compliance with the property tax appeal procedures provided in Wis. Stat. § 70.47 (1995–96).[1]

¶ 2.   This is a review of a decision of the court of appeals, *Hermann v. Town of Delavan,* 208 Wis. 2d 216, 560 N.W.2d 280 (Ct. App. 1996), affirming a decision of the circuit court dismissing the plaintiffs' complaint for failing to state a claim upon which relief can be granted. The court of appeals concluded that the plaintiffs' action could not be maintained without alleging prior compliance with the statutory scheme for challenging and reviewing a property tax assessment. We agree with the court of appeals, and we affirm its decision.

¶ 3.   The relevant facts of the current dispute, as relayed by the court of appeals, are simple and undisputed. Eighty-nine residential property owners (hereinafter the taxpayers) from the Town of Delavan (hereinafter the Town) filed a complaint under Wis. Stat. § 893.80 alleging that the Town's method of property tax assessment for the year 1994 was unfair and

---

[1] All future references to Wis. Stats. will be to the 1995–96 version of the statutes unless otherwise indicated

non-uniform as between lakefront and inland properties in violation of the Uniformity Clause of Wis. Const. art. VIII, § 1.[2] The complaint does not aver a prior objection before the Town of Delavan Board of Review (hereinafter the board), nor does it raise an appeal from the board's decision.[3] The Walworth County Circuit Court Judge, John R. Race, dismissed the taxpayers' action under Wis. Stat. § 802.06(2)(a)6 for failing to state a claim upon which relief can be granted. The circuit court concluded that the taxpayers' action must be dismissed since they had failed to exhaust the exclusive statutory remedies addressing the complaint's overassessment claims. The court of appeals agreed with the circuit court and affirmed the dismissal of the taxpayers' complaint. We accepted the taxpayers' petition for review.

---

[2] Wis. Const. art. VIII, § 1 provides in pertinent part: "The rule of taxation shall be uniform, but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods."

[3] Although the complaint does not allege prior objection before the board of review, the record indicates that 43 of the 89 taxpayers had individually contested their property tax assessments before the board of review pursuant to Wis. Stat. § 70.47 prior to joining this action and that at least one of the taxpayers who sought board review unsuccessfully appealed the board's decision to the circuit court. The 43 taxpayers who appeared before the board have not in this action appealed the board's decision pursuant to Wis. Stat. §§ 70.47(13), 70.85, or 74.37. In the current analysis of whether the taxpayers' complaint properly pleads a cause of action upon which relief may be granted, we are limited to an examination of the allegations as stated in the complaint. *See Weber v. Cedarburg*, 129 Wis. 2d 57, 64, 384 N.W.2d 333 (1986).

377

¶ 4. Whether a complaint properly pleads a cause of action is a question of law which we decide without deference to the decisions of the lower courts. *See Watts v. Watts,* 137 Wis. 2d 506, 512, 405 N.W.2d 305 (1987); *Heinritz v. Lawrence Univ.,* 194 Wis. 2d 606, 610, 535 N.W.2d 81 (Ct. App. 1995). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *See Evans v. Cameron,* 121 Wis. 2d 421, 426, 360 N.W.2d 25 (1985). In determining whether a complaint should be dismissed for failure to state a claim upon which relief may be granted, the facts pled are taken as admitted. *See id.* Since pleadings are to be liberally construed, dismissal of a claim is improper if there are any conditions under which the plaintiffs could recover. *See Morgan v. Pennsylvania Gen. Ins. Co.,* 87 Wis. 2d 723, 733, 275 N.W.2d 660 (1979).

¶ 5. The taxpayers' current claim, although based on a uniformity clause challenge, is an action that inherently questions the valuation of certain property assessed for real property taxation. In their complaint, the taxpayers do not challenge the Town's authority to assess the value of, and levy taxes upon, the real property in question. The taxpayers do not contend that they did not own the property in question or that the taxes were levied upon the wrong taxpayers. Nor do the taxpayers claim that the board of review failed to act in accordance with its procedural requirements. The gravamen of the taxpayers' claim is that their lakefront properties were significantly overvalued and overassessed in relation to inland properties for the 1994 tax year. This overassessment, the taxpayers argue, is a result of the town assessor's use of arbitrary and inconsistent formulas when

assessing the value of their property. A claim of overassessment, regardless of the basis upon which it is grounded, necessarily questions the valuation of real property assessed for taxation.

■

¶ 6.   Chapter 70 of the Wisconsin Statutes establishes a comprehensive procedure by which property owners may challenge the valuation or the amount of property assessed for taxation. Persons objecting to either the valuation or the amount of property assessed by the taxing district must first file such objection with the clerk of the board of review prior to adjournment of public hearings by the board. *See* Wis. Stat. § 70.47(7)(a). Upon receiving such objection, the board must establish a time for hearing that objection and must give notice of the hearing to the objecting party. *See* Wis. Stat. § 70.47(7)(bb). At the hearing, the board must hear upon oath all persons who appear before it in relation to the assessment, and it may compel the attendance of, and examine, any witnesses it believes have knowledge of the property in question. *See* Wis. Stat. § 70.47(8)(a), (c), (d). If from the evidence gathered at the hearing, the board determines that the assessor's valuation is incorrect, the board is required to correct the assessment. *See* Wis. Stat. § 70.47(9)(a). If the board has reason to believe that property for which no objection has been raised is incorrectly assessed, the board must also review the assessment . for such property and correct any error it discovers. *See* Wis. Stat. § 70.47(10).

■

¶ 7.   The statutory scheme of chs. 70 and 74 also provides a detailed method for taxpayers to appeal a decision of the board of review. A property owner who files an objection with the board of review under Wis.

Stat. § 70.47(7) and who disagrees with the board's determination has three options for appeal. The property owner may appeal the determination of the board by an action for certiorari. *See* Wis. Stat. § 70.47(13).[4] In addition, the property owner may file a written complaint with the department of revenue requesting that the department revalue the property and adjust the assessment thereof. *See* Wis. Stat. § 70.85.[5] In the alternative, the property owner may file a claim against the taxation district for an excessive assessment to recover any amount of property tax imposed as a result of the excessive assessment. *See* Wis. Stat. § 74.37(2)(a).[6]

■

¶ 8.    Each of the three methods of appealing a board of review's decision requires the objecting prop-

---

[4] Wis. Stat. § 70.47(13) provides in pertinent part:

CERTIORARI.  Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice. . .If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order.

[5] Wis. Stat. § 70.85(1) provides:

(1)  COMPLAINT. A taxpayer may file a written complaint with the department of revenue alleging that the assessment of one or more items or parcels of property in the taxation district the value of which. . .is radically out of proportion to the general level of assessment of all other property in the district.

[6] Wis. Stat. § 74.37(2)(a) provides: "A claim for an excessive assessment may be filed against the taxation district, or the county that has a county assessor system, which collected the tax."

erty owner to file his or her claim within a specific time limit. If the property owner elects to pursue a certiorari action under Wis. Stat. § 70.47(13), he or she must file that action within 90 days after the taxpayer receives notice of the board's decision. *See* Wis. Stat. § 70.47(13). If the property owner chooses to appeal to the department of revenue under Wis. Stat. § 70.85, he or she must file a written complaint with the department within 20 days of receiving the board's decision or within 30 days of the date specified in the affidavit giving notice of the decision if there is no return receipt. *See* Wis. Stat. § 70.85(2). Finally, the property owner who decides to file a claim for excessive assessment under Wis. Stat. § 74.37(2)(a) must do so by January 31 of the year in which the tax is payable. *See* Wis. Stat. § 74.37(2)(b)5.[7]

¶ 9.   Each method of appeal also requires that the objecting property owner satisfy certain conditions precedent. *See* Wis. Stat. §§ 70.47(13); 70.85(1)–(4); 74.37(4). A prerequisite for all three forms of appeal, however, is filing an objection before the board of review pursuant to Wis. Stat. § 70.47(7). *See* Wis. Stat. §§ 70.47(13);[8] 70.85(2);[9] 74.37(4)(a).[10]

---

[7] Although not relevant to our analysis of the taxpayers' current complaint, we note that the taxpayers filed their § 893.80 claim on 19 April 1995, nearly four months after the Delavan Board of Review adjourned its proceedings on 28 December 1994 and outside each of the statutes of limitations provided in Wis. Stat. §§ 70.47(13); 70.85(2); and 74.37(2)(b)5.

[8] Wis. Stat. § 70.47(13): "Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari. . . ."

¶ 10. Upon review, we conclude that the detailed and comprehensive objection and appeals procedures provided in chs. 70 and 74 were intended to be the exclusive means by which taxpayers may challenge the valuation of real property assessed for taxation. First, the express language of Wis. Stat. § 70.47(7) makes clear the legislature's intent to make an appeal before the board of review a condition precedent to any and all taxpayer challenges to the value at which property has been assessed:

*No person shall be allowed in any action or proceedings to question the amount or valuation of property unless* [ ] written objection has been filed [with the board of review] and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of that person's property liable to assessment in such district and the value thereof. . . .

Wis. Stat. § 70.47(7) (emphasis added). The above-quoted language creates a condition precedent for "any action or proceedings," objecting to the valuation of property. The language is without qualification or limitation as to the theory upon which such action or proceeding is based, the number of persons raising such objection, or the form of relief sought.

---

[9] Wis. Stat. § 70.85(2): "A complaint under this section may be filed only if the taxpayer has contested the assessment of the property for that year under s. 70.47."

[10] Wis. Stat. § 74.37(4)(a): "No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47, except under s. 70.47(13), have been complied with."

¶ 11.    Second, this court has adopted the general principle that, where a method of review is prescribed by statute, that prescribed method is exclusive. *See State ex rel. First Nat'l Bank of Wisconsin Rapids v. M & I Peoples Bank of Coloma*, 82 Wis. 2d 529, 537–38, 263 N.W.2d 196 (1978); *Jackson County Iron Co. v. Musolf*, 134 Wis. 2d 95, 101, 396 N.W.2d 323 (1986). Applying this "exclusivity" rule, Wisconsin courts have repeatedly found that where administrative action has taken place, and a statute sets forth a specific procedure for review of that action and court review of the administrative decision, the statutory remedy is exclusive and the parties cannot seek judicial review of the agency action through other means. *See M & I Peoples Bank*, 82 Wis. 2d at 538–39; *Jackson County*, 134 Wis. 2d at 101; *Association of Career Employees v. Klauser*, 195 Wis. 2d 602, 611–612, 536 N.W.2d 478 (Ct. App. 1995). As explained above, chs. 70 and 74 of the Wisconsin Statutes provide a comprehensive scheme for reviewing actions by boards of review and for court review of a board's decision. These procedures and remedies, being expressly provided by statute, are therefore considered exclusive and must be employed before other judicial remedies are pursued.

¶ 12.    Although as a general rule a court lacks jurisdiction where the plaintiff fails to follow the required statutory procedure, we recognize that this is a rule of "policy, convenience and discretion." *Association of Career Employees*, 195 Wis. 2d at 612. There are some situations in which a court may entertain a petition seeking judicial relief by a method other than that prescribed by statute. *See Jackson County*, 134 Wis. 2d at 101. Where an appeal to an administrative agency would not provide adequate resolution of the issues

raised by a party, that party may properly challenge an administrative decision by commencing a separate action for relief. *See M & I Peoples Bank*, 82 Wis. 2d at 541; *Jackson County*, 134 Wis. 2d at 101; *cf. Nodell Inv. Corp. v. Glendale*, 78 Wis. 2d 416, 426, 254 N.W.2d 310 (1977)(applying "exhaustion of remedies" doctrine); *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 317–18, 529 Wis. 2d 245 (Ct. App. 1994) (applying "exhaustion of remedies" doctrine). In the current case, however, adequate remedies were available to the taxpayers.

¶ 13.   The objection and review procedures of chs. 70 and 74 could have provided an adequate resolution of the uniformity issues raised by the taxpayers. Had the taxpayers raised a proper objection before the board of review, the board could have corrected each of the taxpayer's assessments, *see* Wis. Stat. § 70.47(9), thereby curing any non-uniform assessments. In addition, the board, upon reasonable belief, could have reviewed and corrected the non-uniform assessments of the inland Delavan properties, resolving the taxpayers' claims. *See* Wis. Stat. § 70.47(10). Assuming the board had rejected the taxpayers' claims, a court reviewing the board's decision in a certiorari action, upon finding the assessment violated the uniformity clause, could have remanded the assessment to the board for further proceedings consistent with that court's determination. *See* Wis. Stat. § 70.47(13); *see, e.g., State ex rel. Levine v. Board of Review*, 191 Wis. 2d 363, 528 N.W.2d 424 (1995);[11] *Flood v. Village of*

---

[11] In *State ex rel. Levine v. Board of Review*, 191 Wis. 2d 363, 528 N.W.2d 424 (1995), this court held that taxpayers are entitled to have their properties reassessed when they show that improper considerations have resulted in the underassessment of other properties in the district. *See id.* at 367. As the court of appeals noted in this case, *Levine* is inapposite here. *See Her-*

*Lomira*, 149 Wis. 2d 220, 440 N.W.2d 575 (Ct. App. 1989), *aff'd*, 153 Wis. 2d 428, 451 N.W.2d 422 (1990). Any one of these statutory remedies could have provided an adequate resolution of the taxpayers' claims. Where a party does not seek administrative redress of a grievance which might have been correctable by the administrative agency, the party may not seek judicial relief. *See Beres v. New Berlin*, 34 Wis. 2d 229, 235, 148 N.W.2d 653 (1967).

¶ 14.  Nonetheless, the taxpayers argue that an appeal of a decision by the board of review is not the exclusive remedy if taxpayers allege that a property tax assessment is fundamentally defective. The taxpayers contend that the court of appeals erred by blurring the fundamental distinction between assessment valuation disputes and threshold challenges to an assessment which is alleged to be void *ab initio*.

¶ 15.  The taxpayers first contend that because their complaint "does not seek a reduction in any individual assessment, but rather an order voiding the Town's entire 1994 assessment," it falls outside of the legislatively-mandated procedure for contesting a property tax assessment. Citing *Marsh v. Board of Supervisors*, 42 Wis. 502 (1877), and *Town of Eagle v.*

---

*mann v. Town of Delavan*, 208 Wis. 2d 216, 226, 560 N.W.2d 280 (Ct. App. 1996). Since the plaintiffs in *Levine* both objected before the board of review and timely filed a certiorari action pursuant to Wis. Stat. § 70.47(13), the court did not address the threshold, procedural issue here presented. Since we have taken as admitted the facts alleged in the taxpayers' complaint, the substantive holding of *Levine* is not pertinent to our current analysis. The *Levine* case, however, does illustrate that a person claiming a violation of the uniformity clause can obtain relief through the objection and review procedures in chs. 70 and 74 of the statutes.

*Christensen*, 191 Wis. 2d 301, the taxpayers argue that Wisconsin courts have created a judicial bypass of the statutory board of review requirements in cases where a uniformity clause challenge is raised. Having reviewed *Marsh* and *Christensen*, we find no such judicial bypass.

¶ 16. In *Marsh*, this court permitted the plaintiffs to challenge under the uniformity clause a municipal assessment in an independent equitable action in the circuit court without first filing an objection with the board of review. The *Marsh* decision, the taxpayers argue, must necessarily be read as "a deliberate decision by this court that board of review and certiorari procedures need not be followed by citizens who seek to challenge the threshold validity of a municipal assessment."

¶ 17. The taxpayers' reliance on *Marsh* is misplaced. The court in *Marsh* applied the real property assessment provisions of ch. 130, Laws of 1868. *See Marsh*, 42 Wis. at 514. Under the provisions of the 1868 statutes, a board of review was required to "hear and examine any person or persons upon oath, who shall appear before them, in relation to the assessment of any property. . . ." *See* § 25, ch. 130, Laws of 1968. The statutes, however, did not make filing an objection with the board of review either an exclusive remedy or a prerequisite for a uniformity clause challenge to a property assessment. Objection before the board of review did not become a condition precedent to *Marsh*-like challenges until 1887, ten years after *Marsh* was decided, when the statutes were amended to read:

> [N]o person or corporation shall be heard, in any action, suit or proceeding, to question the equality of any assessment, unless they shall have first

made such objection before the said board of review, and made an offer to sustain the same by competent proof; in which case it shall be the duty of the said board to inquire into the fact of such equality.

§ 1, ch. 283, Laws of 1887.[12] Applying the amended language, this court without exception dismissed *Marsh*-like complaints that failed to properly aver prior objection before the board of review. *See, e.g., Bratton v. Town of Johnson*, 76 Wis. 430, 45 N.W. 412 (1890); *Boorman v. Juneau County*, 76 Wis. 550, 45 N.W. 675 (1890); *Wisconsin Cent. R.R. Co. v. Ashland County*, 81 Wis. 1, 50 N.W. 937 (1891). Unlike the decision in *Marsh*, this later string of cases is more directly on point with the issue now before the court: when there is a statutory condition precedent to an action challenging a property assessment, a complaint failing to allege compliance with such condition precedent must be dismissed for failure to state a claim upon which relief may be granted. Contrary to the taxpayers' contention, the holding of *Marsh* is limited to an application of the statutes in effect at that time, statutes that until 1887 were, in relevant part, significantly different from those we apply today.

¶ 18.   The taxpayers' reliance on *Christensen* is similarly misplaced. In *Christensen*, taxpayers and the

---

[12] The language added to the statutes by § 1, ch. 283, Laws of 1887 was repealed by § 1, ch. 138, Laws of 1889. The repealed language of the 1887 act was then substantially re-enacted as to personal property assessments in 1903. *See* § 2, ch. 285, Laws of 1903; *see also* note to Wis. Stat. § 1061 (1898) (Supp. 1905). This language was again extended to real property assessments in 1949. *See* § 6, ch. 101, Laws of 1949. The current language of Wis. Stat. § 70.47(7) remains, in relevant part, unaltered since being added in 1949. *Compare* Wis. Stat. § 70.47(7) *with* § 6, ch. 101, Laws of 1949.

Town of Eagle, without first objecting before the Town of Eagle's board of review, brought an action for declaratory relief against the assessor of the neighboring Town of Palmyra, alleging the assessment practices utilized by that assessor were in violation of the uniformity clause.[13] *See Christensen*, 191 Wis. 2d at 309. The circuit court had dismissed the taxpayers' claim because they had failed to challenge their assessments before the Town of Eagle Board of Review. *See id.* at 317. The court of appeals reversed, concluding that no specific administrative action existed for the taxpayers' particular claim and that an appeal before the board of review would have been futile for those taxpayers:

> The Town of Eagle board of review cannot change the land classifications chosen by [the Palmyra assessor] nor can it resolve the use of differing classifications for similar land in the Towns of Eagle and Palmyra. . . .The Town of Eagle board of review has the power to raise and lower only a Town of Eagle property owner's assessment. Thus, it would be futile for the Town of Eagle property owners to appeal their assessments before the Town of Eagle Board of Review.

*See id.* at 318 (internal citations omitted).[14]

---

[13] In *Christensen*, the Town of Eagle property owners raised a uniformity clause challenge because the Towns of Eagle and Palmyra, although separate property assessment districts, shared a common school district funded by property tax revenue based on the equalized values of property. *See Town of Eagle v. Christensen*, 191 Wis. 2d 301, 309, 529 N.W.2d 245 (Ct. App. 1995).

[14] The *Christensen* court also dismissed the argument that the Town of Eagle property owners should have raised an objection before the Town of Palmyra board of review. The court concluded that the non-Palmyra property owners would not

¶ 19. Contrary to taxpayers' arguments, the claims raised in *Christensen* are significantly distinguishable from those raised here by the taxpayers. The property owners in *Christensen* did not claim that the Town of Eagle assessor improperly valued their lands, but rather that the Town of Palmyra assessor classified lands differently, resulting in a violation of the uniformity clause. *See Christensen* 191 Wis. 2d at 318. The taxpayers here are Delavan property owners who are challenging the assessment methods utilized by the Town of Delavan's, and not a neighboring municipality's, assessor. Unlike in *Christensen*, chs. 70 and 74 provide specific administrative procedures with which these taxpayers could have challenged the values at which their Delavan properties were assessed. In addition, as explained above, the objection and review procedures of chs. 70 and 74 would not have been futile, but rather could have provided the Delavan taxpayers adequate relief. Considering these distinguishing factors, the taxpayers' argument that *Christensen* establishes a judicial bypass in this case is unavailing.

¶ 20. The taxpayers also argue that an "unbroken line" of Wisconsin cases since *Marsh* uniformly holds that challenges to the underlying legality of an assessment—claims that the assessment is void *ab initio*—are not subject to statutory provisions governing challenges to the valuation of a valid assessment. To support this proposition, the taxpayers cite a string of tax exemption cases in which courts have held that litigation over whether property is exempt from taxation is not generally subject to limitations that may

have had standing to raise such an objection before the Town of Palmyra board of review. *See Christensen*, 191 Wis. 2d at 319.

apply to other property tax disputes.[15] The taxpayers urge this court to apply in this case the reasoning underlying the tax exemption decisions because the taxpayers similarly allege that the property assessment was void *ab initio*. We find the taxpayers' argument unpersuasive.

¶ 21.   To apply by analogy the reasoning of the tax exemption cases to the case at bar would ignore a fundamental distinction between claims alleged in tax exemption cases and the claim now before us. In cases concerning tax exempt properties, the plaintiffs generally allege that the taxing officers did not have, and never could acquire, jurisdiction to tax the lands there in question. No such claim is here raised. Unlike the taxpayers' claims, the tax in tax exemption cases is void not on account of any irregularity in the assessment proceedings, but because of an absolute want of power to tax in any manner at any time. *See Family Hosp. Nursing Home, Inc. v. Milwaukee*, 78 Wis. 2d 312, 326, 254 N.W.2d 268 (1977); *see also Ash Realty Corp. v. Milwaukee*, 25 Wis. 2d 169, 174, 130 N.W.2d 260 (1964) (distinguishing tax exemption cases from the situation where an action of taxing district is of "colorable legality"). As we have previously explained:

> There is a wide distinction between a case where no tax can in any event be levied upon property because it is exempt or lies outside of the taxing

---

[15] The taxpayers cite *IBM Credit Corp. v. Village of Allouez*, 188 Wis. 2d 143, 524 N.W.2d 132 (1994); *Friendship Village of Milwaukee v. Milwaukee*, 181 Wis. 2d 207, 511 N.W.2d 345 (Ct. App. 1993); *Hahn v. Walworth County*, 14 Wis. 2d 147, 109 N.W.2d 653 (1961); *Trustees of Clinton Lodge v. Rock County*, 224 Wis. 168, 272 N.W. 5 (1937).

district and a case where the property lies within the taxing district and is subject to taxation but the statutory or charter provisions have not been complied with in its levy. The former is void *ab initio* and can never be rendered valid. The latter is voidable, because of irregularities in the proceedings leading up to its levy.

*Family Hosp.*, 78 Wis. 2d at 326 (quoting *Wisconsin Real Estate Co. v. Milwaukee*, 151 Wis. 198, 205, 138 N.W. 642 (1912)). The current dispute falls into the latter category of voidable claims identified in *Family Hosp.* The properties here in question unarguably lie within the taxing district and are subject to assessment and taxation. The taxpayers allege only a failure to perform the assessment of such properties according to the procedures prescribed by law.

■■■

¶ 22.   In addition, the legislature has recognized the distinction between claims of tax exemption and those of excessive assessment, and it has created a separate appeals process for excessive assessment cases.[16] Taxpayers claiming their property is exempt from taxation may file against the taxation district an action under Wis. Stat. § 74.35 to recover any "unlawful taxes" levied upon exempt property. *See* Wis. Stat. §§ 74.33(1);[17] 74.35(2)(a).[18] Unlike actions for exces-

---

[16] Prior to 1988, Wis. Stat. § 74.73 generally governed property tax refund claims. In 1987, the legislature divided former § 74.73 into two distinct provisions: Wis. Stat. § 74.35 governing "unlawful taxes" (including taxes levied on tax exempt property), and Wis. Stat. § 74.37 governing excessive assessments. *See* 1987 Wis. Act 378, § 75. The latter requires as a condition precedent an objection before the board of review. The former has no such requirement.

[17] Wis. Stat. § 74.33(1) provides in relevant part:

sive assessment, actions to recover an "unlawful tax" under Wis. Stat. § 74.35(2)(a) may be filed without first objecting to the board of review. *See* Wis. Stat. § 74.35(2)(b). Specifically excepted from the category of "unlawful taxes," however, is "a tax in respect to which the alleged defect is solely that the assessor placed a valuation on the property that is excessive." Wis. Stat. § 74.35(1). The distilled claim raised by the taxpayers, regardless of the theory on which it is based, alleges solely that the assessments of their properties were excessive in relation to other inland Delavan properties. The legislature specifically excepted such claims from the more liberal appeals process of Wis. Stat. § 74.35. We will not ignore the distinction previously recognized by this court and by the legislature.

¶ 23.   The taxpayers' arguments also fail under public policy considerations. If owners of taxable property could neglect to assert their rights before the board of review and then be heard to litigate questions of value in court, the administration of the municipal tax laws would be seriously hampered. A statutory plan of tax assessment, tax levying, and tax collection needs to have established procedures and time limits

---

After the tax roll has been delivered to the treasurer of the taxation district under s. 74.03, the governing body of the taxation district may refund or rescind in whole or in part any general property tax shown in the tax roll, including agreed-upon interest, if:

(c)  · The property is exempt by law from taxation, except as provided under sub. (2).

[18] Wis. Stat. § 74.35(2)(a) provides:

A person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax.

for effective governmental planning. The administrative procedures, appellate process, and time limitations of chs. 70 and 74 serve as procedural safeguards against municipalities having to undertake comprehensive reassessments long after the books have been closed for a given tax year. To allow the taxpayers to file their claims of excessive assessment nearly three months after the first installment of the taxes were due would significantly disrupt the Town's ability to carry out its statutory responsibilities. In addition, the privilege of appearing before the board of review and having assessment errors corrected is coupled with a duty of the taxpayer to make full disclosure of information. *See* Wis. Stat. § 70.47(7);[19] *see also Herzfeld-Phillipson Co. v. Milwaukee*, 177 Wis. 431, 439, 189 N.W.2d 661 (1922). To require property owners to put the taxation district on notice of alleged defects in the assessment procedures at a time of the board of review proceedings helps insure fair and equitable assessment in a timely manner for all property owners. As we explained in *Herzfeld-Phillipson*: "No economist would ever dream that there can be exact justice to all in administering any system of taxation. The most that can be hoped for is that there may be wise and just statutes and that they may be ably and honestly administered." *Id.* at 439.

---

[19] Wis. Stat. § 70.47(7) provides in pertinent part:

No person shall be allowed. . .to question the amount or valuation of property unless such written objection has been filed *and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all that person's property liable to assessment in such district and the value thereof.* (Emphasis added.)

¶ 24.   The tax appeal administrative procedures of chs. 70 and 74 of the Wisconsin Statutes are a highly evolved and carefully interwoven set of statutes providing a comprehensive remedy for individuals seeking redress for excessive assessments. Under this exclusive statutory scheme, an objection before the board of review pursuant to Wis. Stat. § 70.47(7) was an express condition precedent to filing the taxpayers' action challenging the valuation at which their real property was assessed for taxation. Being a statutory condition precedent, it was necessary for the taxpayers to allege compliance therewith in their complaint. No such objection was alleged. As a result, there are no conditions under which the taxpayers can recover. We must therefore find that the taxpayers' complaint fails to state a cause of action upon which relief can be granted, and we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.